# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBIN R. MCFARLAND,
                Appellant,

       v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
                Agency.

DOCKET NUMBER
PH-315H-14-0578-I-1

DATE: August 19, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Robin R. McFarland</u>, Harrisburg, Pennsylvania, pro se.

<u>Roger L. Gumbs, Jr.</u>, Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[*]   A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency terminated the appellant from her position as a Program Analyst during her probationary period in February 2014.  Initial Appeal File (IAF), Tab 4 at 10-13.  The appellant filed this appeal challenging her termination.  IAF, Tab 1.  The administrative judge issued a March 2014 status order requesting that the parties schedule a conference call, and an April 2014 order concerning the appellant's failure to attend the scheduled conference call.  IAF, Tabs 7, 9.  In April 2014, the administrative judge ordered the appellant to address the issue of jurisdiction.  IAF, Tab 10.  The administrative judge scheduled another conference call in May 2014.  IAF, Tab 11.  He dismissed the appeal in May 2014, for failure to prosecute, finding that the appellant had missed two status conferences without explanation and had failed to respond to Board orders.  IAF, Tab 13, Initial Decision (ID) at 1-2.  On petition for review, the appellant argues that she did not receive notice of a status conference because the notice was sent to an incorrect address.  Petition for Review (PFR) File, Tab 1 at 2.  In response to the petition for review, the agency argues that its filing concerning the status conference was accessible to the appellant via e-Appeal.  PFR File, Tab 3 at 5.

¶3        The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Williams v. U.S. Postal Service,* 116 M.S.P.R. 377, ¶ 7 (2011).  Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Id.*

¶4        Here, the record reflects that the appellant's return address was contained in her March 2014 appeal.  IAF, Tab 1 at 1, 7.  She also submitted her address in her March 2014 response to the acknowledgment order.  IAF, Tab 5 at 1.  The appellant's address is house number 233, but mailings were sent to house number 223.  The administrative judge's orders, including an acknowledgement order, a

failure to serve order, a March 2014 preliminary status order, and an April 2014 order concerning the appellant's failure to attend a conference call were all mailed to the wrong address. IAF, Tabs 2, 6, 7, 9. The appellant also may not have received the agency file because the certificate of service prepared by the agency states that the file was served via e-Appeal. IAF, Tab 4 at 15. However, the appellant was not registered for e-Appeal, and therefore she did not consent to accept electronic service. *See* 5 C.F.R. § 1201.14(e). The certificate of service generated by e-Appeal indicates that the appellant would be served by mail, but it contains the incorrect address. IAF, Tab 4 at 16. The certificates of service accompanying the agency's March 2014 pleading regarding a status conference call are similarly flawed. IAF, Tab 8 at 5-6. The administrative judge's April 2014 jurisdiction order was initially mailed to the incorrect address on April 1, 2014, but was later mailed to the correct address on April 14, 2014. IAF, Tab 10 at 9, 11. Thereafter, in May 2014, a preliminary status order scheduling a status conference was mailed to the appellant's correct address. IAF, Tab 11. The appellant did not attend the status conference. The administrative judge dismissed the appeal in May 2014. ID at 1-2.

¶5        It appears that the administrative judge was not aware that several of his orders were not sent to the appellant's correct address. Evidence that a letter was sealed, properly addressed, and deposited in the U.S. Mail with postage prepaid gives rise to a rebuttable presumption that the letter reached the addressee in due course of the mails. *Reynolds v. Department of Justice*, 63 M.S.P.R. 189, 193, *dismissed*, 36 F.3d 1112 (Fed. Cir. 1994) (Table) (finding that the presumption of receipt in due course was not applicable where the agency had misspelled the appellant's city of residence). However, this presumption does not apply to the Board orders that were addressed to the wrong house number. *Id*. Furthermore, the Board has previously reversed an administrative judge's imposed sanctions when an incorrect address affected the appellant's ability to proceed. *See, e.g.*, *Moore v. Department of Health & Human Services*, 50 M.S.P.R. 201, 203-04

(1991) (vacating and remanding the initial decision when an order and the initial decision were mailed to an incorrect address). Accordingly, we find that the administrative judge should not have dismissed the appeal for failure to prosecute under the circumstances presented.

¶6　　We note that the appellant replied to the administrative judge's March 2014 acknowledgment order, despite the fact that the order was mailed to the wrong house number. IAF, Tab 5. However, the appellant did not reply to the later misaddressed orders and agency filings to which she may have had similar access. Nor did she inform the agency or the Board that the acknowledgment order to which she replied had been addressed incorrectly. We also note that upon the Board's correction of her house number, the appellant still failed to comply with the administrative judge's April 2014 jurisdiction order and May 2014 preliminary status order. IAF, Tabs 10, 11. Accordingly, on remand, we remind the appellant that an administrative judge may impose various sanctions when a party fails to comply with an order. *See* 5 C.F.R. § 1201.43(a). The appellant is therefore expected to comply with all orders issued by the administrative judge. *See Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 15 (2009).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:　　　　　　　　　　_____
　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.